UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

KEVIN D. HARVIE,                                            CIVIL ACTION

    Plaintiff                                                      NO. 1:13-CV-11453-WGY

VS.

IOWA PACIFIC HOLDINGS, LLC; and
MASSACHUSETTS COASTAL RAILROAD, LLC

    Defendants

                                                         AUGUST 22, 2013
_____X

## **AMENDED COMPLAINT**

### **NATURE OF ACTION**

1. The Plaintiff brings this action against the Defendants for injuries suffered by him while in the employ of the Defendant Railroad and/or Railroads.

### **JURISDICTION**

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### **PARTIES**

3. The Plaintiff is of Mattapoisett, Massachusetts.

4. Defendant Massachusetts Coastal Railroad, LLC ("Mass Coastal") is a railroad corporation duly established by law, engaged in interstate commerce and having a usual place of business in Wareham, Massachusetts.

5. Defendant Iowa Pacific Holdings, LLC ("IPH") is a corporation duly established by law, engaged in interstate commerce and having a usual place of business in Chicago, Illinois and for purposes of this action, was and is a railroad that operated as a common carrier engaged in interstate commerce by regularly and purposefully conducting business in the Commonwealth of Massachusetts, including Wareham, Massachusetts, and by having employees in Massachusetts, including the Plaintiff.

6. Defendant IPH was and is a corporation charged with the duty of the management and operation of the business of Defendant Mass Coastal, and is therefore, for purposes of this action, a common carrier engaged in interstate commerce by rail within the meaning of 45 U.S.C.A. Sec. 57.

7. Defendant IPH managed and manages the operations of Defendant Mass Coastal.

8. Defendant IPH and/or Defendant Mass Coastal were responsible for decisions pertaining to Plaintiff's work rules, train operations, track and equipment maintenance, track and equipment inspections and track and equipment repairs.

9. Defendant IPH controlled the manner and methods of the operation of Defendant Mass Coastal.

10. The Plaintiff was and is an employee of Defendant Mass Coastal.

11. The Plaintiff was and is an employee of Defendant IPH in that the Plaintiff was under the dominion and control of IPH who, at all times material hereto, actually and completely dominated and controlled Defendant Mass Coastal and, for purposes of this action, is also deemed the employer of the Plaintiff.

12. On or about May 1, 2013 IPH's Vice President for Human Resources, Dan Marko, thanked the Plaintiff for his hard work and dedication to Iowa Pacific Holdings.

13. On or about May 1, 2013 IPH's Vice President for Human Resources, Dan Marko, informed the Plaintiff that IPH is continually striving to offer competitive wages and benefits for our employees, and accordingly, IPH is increasing your salary to recognize your valuable contributions to the company.

14. On or about May 1, 2013 Defendant IPH gave the Plaintiff a "Merit Increase" and increased the Plaintiff's hourly pay rate, effective April 1, 2013 to $22.50 per hour.

15. On or about May 1, 2013 Defendant IPH's Vice President for Human Resources, Dan Marko, informed the Plaintiff that if he had any questions about the new hourly rate that he should contact him.

16. During all times herein mentioned, the Defendant Mass Coastal and/or Defendant IPH were common carriers engaged in the business of interstate commerce.

17. At the time the Plaintiff received the injuries complained of, he was employed by Defendant Mass Coastal and/or Defendant IPH as a Mechanic.

18. At the time the Plaintiff received the injuries complained of, Defendant Mass Coastal and/or Defendant IPH were engaged in interstate commerce.

19. At the time the Plaintiff received the injuries complained of, he was employed in furtherance of interstate commerce.

20. On or about February 12, 2013, the Plaintiff was engaged in his duties at or about Middleboro, Massachusetts, which Bridge, lines, tracks, switches, rails and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the Defendants.

21. At the time the Plaintiff received the injuries complained of, he was assigned to work as a Conductor and operate a chain saw to cut and remove fallen trees on the tracks after Winter Storm Nemo.

22. Operating a chain saw is an inherently dangerous procedure and requires proper training to watch for trees under tension that may spring out when cut.

23. The Plaintiff did not receive any training from the Defendants on the proper procedure to operate a chain saw.

24. The Defendants, their agents, servants, and employees were negligent in one or more of the following ways:

   a) failed to train the Plaintiff on the proper procedure to operate a chain saw;

   b) failed to properly supervise the Plaintiff.

25. As a result of the negligence in whole or in part of the Defendants, their agents, servants, or employees, the Plaintiff was injured and sustained a severe injury to his left knee and required surgery.

26. As a result of the failure of the Defendants, their agents, servants, or employees to use reasonable care to provide the Plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable appliances and equipment, the Plaintiff was injured.

27. As a result of the said injuries, the Plaintiff has lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, has permanent loss of function, has permanent disfigurement and has an impairment to his future earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured Plaintiff and thereby promote safe operating conditions on the Defendant Railroads, the Plaintiff demands a judgment for monetary damages against the Defendants in addition to any further relief the Court deems just and equitable.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>.

By his attorneys,

By _____
George J. Cahill, Jr. (BBO #069480)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone:  (203) 777-1000
Fax:  (203) 865-5904
cahill@trainlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/  George J. Cahill, Jr._
George J. Cahill, Jr. (BBO #069480)